IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-502-GPM |
| | ) |
| ACUITY, A Mutual Insurance Company; | ) |
| AUDREY SAFFELDER, Individually and as | ) |
| Special Administrator of the Estate of N.S., | ) |
| Deceased; and NEIL SAFFELDER, | ) |
| Individually, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiff insurance company has filed this declaratory judgment action seeking to determine

its obligations relating to an underlying wrongful death claim. Plaintiff alleges that jurisdiction is proper under the diversity of citizenship statute, 28 U.S.C. § 1332. However, Plaintiff's allegations that "Defendants Audrey Saffelder and Neil Saffelder are residents of the City of Marion, County of Williamson, in the State of Illinois" is insufficient to establish their citizenship. *America's Best Inns*, 980 F.2d at 1074 ("[i]n federal law citizenship means domicile, not residence"). Moreover, Plaintiff erroneously alleges that "Defendant Audrey Saffelder as Special Administrator of the Estate of N.S. is a resident of the City of Marion, County of Williamson, in the State of Illinois;" 28 U.S.C. § 1332(c)(2) clearly establishes that a legal representative of the estate of a decedent "shall be deemed to be a citizen only of the same State as the decedent." Because the complaint alleges the *residence* rather than *citizenship* of these Defendants and fails to disclose the citizenship of the decent as required under § 1332(c)(2), the Court is unable to determine whether diversity jurisdiction exists.

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an <u>Amendment to the Complaint</u> **on or before August 28, 2009**, to cure the deficiencies set forth above.[1] Plaintiff shall file an Amendment to the Complaint only and not an amended complaint. Notably, any allegations based upon "information and belief" would be insufficient to establish subject matter jurisdiction. *America's Best Inns*, 980 F.2d at 1074. If Plaintiff fails to file an Amendment to the Complaint in the manner and time

---

[1] The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.

prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish federal subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money.").

**IT IS SO ORDERED.**

DATED: 08/14/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge